# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Filing Date: _____

Docket #: **10-18842**

Debtor: **O'Bryant, Sonya D.**

Co-Debtor: _____

SS#: **8240**

SS#: _____

Address: **49 Sumner Street**

Address: _____

**Stoughton, MA 02072**

,_____

Debtor's Counsel:

**Nashawaty & Rand**
**654 Washington Street**
**Braintree, MA 02184-5747**

**(781) 848-8545**
**(781) 848-2308**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# United States Bankruptcy Court
## District of Massachusetts

## AMENDED CHAPTER 13 PLAN

Docket#: **10-18842**

DEBTORS: (H) **O'Bryant, Sonya D.**  SS# **8240**
(W) _____  SS# _____

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **752.84** for the term of:

- [ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- [x] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- [ ] 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
- [ ] ____ Months. The Debtor states as reasons therefore:

### II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Wells Fargo Auto Finance** | 3/2007; Auto/Consolidation Loan | 14,090.11 |
| | Total of secured claims to be paid through the Plan: $ | 14,090.11 |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **None** | |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Wells Fargo Auto Finance** . | 11 U.S.C. § 506 | 12,920.00 |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____.

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | Past Due Income Tax 2009 | 5,921.00 |
| | Total of Priority Claims to Be Paid Through the Plan: $ | 5,921.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **1,000.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **100.00**% of their claims.

A. General unsecured claims: $ **14,680.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Wells Fargo Auto Finance** | 3/2007; Auto/Consolidation Loan | 4,880.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

Total of A + B + C unsecured claims: $ **19,560.00**

D. Multiply total by percentage: $ **19,560.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ **0.00**

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

VII. CALCULATION OF PLAN PAYMENT:

a. Secured claims (Section I-A Total): $ **14,090.11**
b. Priority claims (Section II-A & B Total): $ **5,921.00**
c. Administrative claims (Section III-A & B Total): $ **1,000.00**
d. Regular unsecured claims (Section IV-D Total): + $ **19,560.00**
e. Separately classified unsecured claims: $ **0.00**
f. Total of a + b + c + d + e above: $ **40,653.60**
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: $ **45,170.40**
    (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **60** months
i. Round up to nearest dollar: Monthly Plan Payment: $ **752.84**
(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **None** | | |

Total Net Equity for Real Property: $ 0.00
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **2004 Honda Accord** | 12,920.00 | 17,800.00 | 0.00 |

Total Net Equity: $ 0.00
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value: $ 28,000.00
Less Exemptions (Schedule C): $ 28,000.00
Available Chapter 7: $ 0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**.

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ *Nicholas T. Nashawaty, Jr.*                    September 27, 2010
Debtor's Counsel                                                  Date

Attorney's Address:
**Nashawaty & Rand
654 Washington Street
Braintree, MA  02184-5747**

Tel. # **(781) 848-8545**            Email Address: **ntnlaw@aol.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ *Sonya D. O'Bryant*                              September 27, 2010
Debtor                                                              Date
_____              September 27, 2010
Debtor                                                              Date

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
In re                              )
                                   )         Chapter 13
**SONYA D. O'BRYANT**,             )         Case No. 10-18842
                                   )
    Debtor                         )
_____)

### CERTIFICATE OF SERVICE

I, Nicholas T. Nashawaty, Jr., do hereby certify that I have, this day, served a copy of the Debtor's **AMENDED CHAPTER 13 PLAN** upon the following parties by CM/ECF

    John P. Fitzgerald, Assistant United Stated Trustee; and
    Carolyn A. Bankowski, Chapter 13 Trustee, Boston

AND by first class mail, postage prepaid, on all parties listed on the attached Certificate of Mailing.

                                                 */s/Nicholas T. Nashawaty, Jr.*
                                                 Nicholas T. Nashawaty, Jr.
                                                 BBO #367110
                                                 NASHAWATY & RAND
                                                 654 Washington Street
                                                 Braintree, MA 02184
                                                 781 848-8545

Dated:  September 29, 2010

United States Bankruptcy Court
District of Massachusetts

IN RE:                                              Case No. **10-18842**

**O'Bryant, Sonya D.**                              Chapter **13**
                    Debtor(s)

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):
**Amended Plan**

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail, postage prepaid, on this **29th** day of **September**, **2010**.

/s/ Nicholas T. Nashawaty, Jr.
Nicholas T. Nashawaty, Jr. 367110
Nashawaty & Rand
654 Washington Street
Braintree, MA  02184-5747
(781) 848-8545  Fax: (781) 848-2308
ntnlaw@aol.com

Sonya D. O'Bryant
49 Sumner Street
Stoughton, MA 02072

Discover Card
P.O. Box 15156
Wilmington, DE 19850-5156

Internal Revenue Service
Fresno Service Center
Fresno, CA 93888

Liberty Bay Credit Union
350 Granite St.
Braintree, MA 02184-3958

Visa
Customer Service
P.O. Box 30495
Tampa, FL 33630

Wells Fargo Auto Finance
P.O. Box 29704
Phoenix, AZ 85038-9704

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only