**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

_____

| | | |
|---|---|---|
| In Re: | : | |
| SONYA D. O'BRYANT | : | CASE NO. 10-18842JNF |
| | : | CHAPTER 13 |
| DEBTOR | : | |

_____

**MOTION FOR RELIEF FROM AUTOMATIC STAY OR,**
**IN THE ALTERNATIVE, ADEQUATE PROTECTION**

WELLS FARGO FINANCIAL MASSACHUSETTS, INC.  as and for a motion, pursuant

to 11 U.S.C. §362(d) and Rule 4001(a) F.R.B.P., seeking an Order granting relief from

Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2004

Honda Accord, or, in the alternative, directing the debtor to immediately provide WELLS

FARGO FINANCIAL MASSACHUSETTS, INC. with adequate protection of its security

interest in the aforesaid vehicle, states the following as grounds therefore:

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§1334(b) and §157(a)

and §362(d) of Title 11, United States Code (hereinafter referred to as the "Code").  Upon

information and belief, this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2.      On August 14, 2010, Sonya D. O'Bryant   hereinafter referred to as the 'Debtor'

filed a voluntary petition under Chapter 13 of Title 11 of the Code with this Court.

3.      On September 12, 2006, the Debtor entered into a Note and Security Agreement

with WELLS FARGO FINANCIAL MASSACHUSETTS, INC., whereby the Debtor agreed to

pay a total of payments in the amount of $43,770.96 in connection with the purchase of a 2004

Honda Accord, Vehicle Identification Number 1HGCM66574A074573 (hereinafter referred to

as the "Motor Vehicle").

4.      Pursuant to the terms and provision of the Contract, WELLS FARGO FINANCIAL

MASSACHUSETTS, INC.  was granted and presently retains a purchase money security interest

in, inter alia, the Motor Vehicle and any accessories, equipment and replacement parts installed

in said Motor Vehicle.  No other collateral exists securing this obligation.

5.      WELLS FARGO FINANCIAL MASSACHUSETTS, INC.  duly perfected such

security interest by noting its lien on the Certificate of Title.  Copies of the Contract and

Certificate of Title are collectively annexed hereto as Exhibit "A" and made a part hereof.

6.      On or about September 29, 2010, the Debtor filed an Amended Chapter 13 Plan,

Document I.D. No. 29.

7.      The Plan provides in part that Wells Fargo Financial Massachusetts, Inc., will be paid

$12,920.00, representing the secured portion of its claim together with interest.

8.      Furthermore, the Plan provides for the debtor to make pre-confirmation adequate

protection payments to the creditors yet the debtor has failed to do so.

9.      As of September 20, 2010, the balance due and owing under the terms and

provisions of the contract was $16,818.68.

10.     Pursuant to 11 U.S.C. §362(a), upon commencement of the bankruptcy case,

WELLS FARGO FINANCIAL MASSACHUSETTS, INC. was and is stayed from taking any

action against any debtor to obtain possession and control of the subject motor vehicle.

11.     Upon information and belief, the Debtor continues continues to enjoy the use and

possession of the motor vehicle subjecting same to normal occupational wear and tear thereby

causing the motor vehicle to depreciate in value.  It is respectfully submitted that the continued

use of the motor vehicle shall eventually render it useless thereby causing WELLS FARGO

FINANCIAL MASSACHUSETTS, INC.  irreparable damage to its interests in same.

12.     It is respectfully asserted that WELLS FARGO FINANCIAL MASSACHUSETTS, INC.'s interest in the motor vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

13.     Accordingly, sufficient cause exists, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if applicable) to grant WELLS FARGO FINANCIAL MASSACHUSETTS, INC. immediate relief from automatic stay herein.

14.     Alternately, in the event relief from automatic stay is not granted, WELLS FARGO FINANCIAL MASSACHUSETTS, INC. respectfully requests that the Court compel the debtor to immediately provide WELLS FARGO FINANCIAL MASSACHUSETTS, INC. adequate protection of its security interests in the motor vehicle by (a) curing any default of payment obligations presently existing pursuant to the terms and provisions of the contract; (b) continuing to make payment in timely fashion thereunder; (c) maintaining adequate and continuous insurance coverage on the motor vehicle, and (d) providing such other adequate protection as the Court may deem just and proper under 11 U.S.C. §361.

15.     In the event this request for adequate protection is granted, then WELLS FARGO FINANCIAL MASSACHUSETTS, INC. respectfully request that the order provide that it be entitled to the immediate possession of the Motor Vehicle without further Court proceedings in the event of default by the Debtor under any provisions for adequate protection which may be awarded herein after proper notice thereof.

16.     No prior application for relief requested herein has been made.

**WHEREFORE,** WELLS FARGO FINANCIAL MASSACHUSETTS, INC.  respectfully

requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if

applicable) granting relief from automatic stay in order to obtain possession and dispose of its

collateral or, in the alternative, directing the debtor to immediately provide for the adequate

protection of the security interests of WELLS FARGO FINANCIAL MASSACHUSETTS, INC.

 in the Motor Vehicle hereinabove requested; that this Court finds that Bankruptcy Rule

4001(a)(3) is not applicable so that WELLS FARGO FINANCIAL MASSACHUSETTS, INC.

may immediately enforce its rights against the motor vehicle; and such other relief as the Court

deems just and proper.

     Dated at Bloomfield, Connecticut on November 16, 2010.


           MOVANT
           WELLS FARGO FINANCIAL
           MASSACHUSETTS, INC.


           By /s/ Mitchell J. Levine
              Mitchell J. Levine
              Counsel for WELLS FARGO FINANCIAL
              MASSACHUSETTS, INC.
              Law Offices of Nair & Levin, P.C.
              707 Bloomfield Avenue
              Bloomfield, CT 06002
              BBO No. 638576
              Telephone No. (860) 242-7585
              mlevine@nairlevin.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

_____

In Re:                                                    :
SONYA D. O'BRYANT                          :    CASE NO. 10-18842 JNF
                                                          :    CHAPTER 13
DEBTOR                                              :

_____

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY OR,**
**IN THE ALTERNATIVE, ADEQUATE PROTECTION**

      After notice and hearing on  WELLS FARGO FINANCIAL MASSACHUSETTS, INC.'s (hereafter the "Movant") Motion for Relief from Stay or, in the alternative, adequate protection Doc. I.D. No.

      **IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) of the Bankruptcy Code is modified so that the Movant may exercise its rights if any, under its security agreement with the above Debtor(s) with regard to a 2004 Honda Accord, Vehicle Identification Number 1HGCM66574A074573, in accordance with State and Federal Law.

      **IT IS FURTHER ORDERED** that the 14-day stay of Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement this Order modifying the automatic stay.

Dated at Boston, Massachusetts this _____ day of _____, 2010

                                  _____
                                  Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| In Re: | : |
| SONYA D. O'BRYANT | :   CASE NO. 10-18842 JNF |
| | :   CHAPTER 13 |
| DEBTOR | : |

**CERTIFICATE OF SERVICE**

The undersigned WELLS FARGO FINANCIAL MASSACHUSETTS, INC.  (the

"Movant") hereby certifies that on November 16, 2010 in accordance with Rules 7004, 7005, and

9014 F.R.Bankr.P., I have served the following upon all parties entitled to notice (see attached

Schedule "A") by first class mail postage prepaid or electronically:


     (1) a copy of the Motion for Relief From Automatic Stay,
     (2) a copy of the proposed order.

Dated: November 16, 2010

                                    THE MOVANT
                                    WELLS FARGO FINANCIAL
                                    MASSACHUSETTS, INC.


                                    BY/s/Mitchell J. Levine
                                      Mitchell J. Levine, Esq.
                                      NAIR & LEVIN, P.C.
                                      707 Bloomfield Avenue
                                      Bloomfield, CT 06002
                                      BBO #638576
                                      mlevine@nairlevin.com
                                      Telephone No. (860) 242-7585

## SCHEDULE A

Debtor(s)' Attorney:
**Nicholas T. Nashawaty**
Nashawaty & Rand
654 Washington Street
Braintree, MA 02184
ntnlaw@aol.com

Debtor(s):
**Sonya D. O'Bryant**
49 Sumner Street
Stoughton, MA 02072
*(Debtor)*

Trustee:
**Carolyn Bankowski-13**
Chapter 13 Trustee Boston
P. O. Box 8250
Boston, MA 02114
13trustee@ch13boston.com
*(Trustee)*

U.S. Trustee
**John Fitzgerald**
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV
*(Assistant U.S. Trustee)*

**HSBC Bank Nevada, N.A.**
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite #200
Tucson, AZ 85712
*(Creditor)*

**Recovery Management Systems Corporation**
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131
claims@recoverycorp.com
*(Creditor)*